**FILED**

**September 27, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0327** (Berkeley County CC-02-2019-F-140)

**Lateef McGann,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Lateef McGann, by counsel Robert C. Stone Jr., appeals the order of the Circuit Court of Berkeley County, entered on April 2, 2020, sentencing him to penitentiary confinement for a term of one to five years upon his felony conviction of causing injuries by an inmate and confinement in a regional jail for a term of six months upon his misdemeanor conviction of willful disruption of government process (with these sentences ordered to run consecutively). Respondent State of West Virginia appears by counsel Patrick Morrisey and Elizabeth Grant.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McGann punched a correctional officer approximately thirteen times in the face and head when the officer attempted a de-escalating "hands-on escort" of Mr. McGann while Mr. McGann was incarcerated in a state regional jail. The officer fled the attack, but Mr. McGann followed him. Several officers went to aid the attacked officer, and officers eventually deployed a chemical agent to stop Mr. McGann's attack. The incident was recorded on surveillance video that was shown to the jury at trial. The correctional officer was attended by regional jail medical staff and eventually was treated at a hospital emergency room where he was diagnosed with contusions of the nose and head. Mr. McGann was indicted on four counts of criminal conduct, but ultimately convicted only of the two counts described above. Mr. McGann filed a motion for judgment of acquittal or for a new trial, and the circuit court denied his motion.

On appeal, Mr. McGann asserts four assignments of error:[1] 1) that the circuit court erred in denying his pretrial motion to dismiss the first count of his indictment; 2) that the circuit court erred in denying his pretrial motion to dismiss his indictment for multiplicity; 3) that the circuit court erred in failing to acquit him of willful disruption of government process, in violation of West Virginia Code § 61-6-19; and 4) that the circuit court erred in granting the State's motion to strike a venireperson during jury selection. We find that the first and second assignments of error are moot (*see* n.1) and proceed with consideration of the third and fourth assignments of error.

In his third assignment of error, petitioner challenges his conviction for willful disruption of governmental processes, described in West Virginia Code § 61-6-19(a) as follows:

> If any person willfully interrupts or molests the orderly and peaceful process of any department, division, agency, or branch of state government or of its political subdivisions, he or she is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $100, or confined in jail not more than six months, or both fined and confined: *Provided*, That any assembly in a peaceable, lawful, and orderly manner for a redress of grievances is not a violation of this section.

Petitioner argues that this statute, enacted in 1971, has been examined only once by this Court, in *State v. Berrill*, 196 W. Va. 578, 474 S.E.2d 508 (1996), a case describing the application of the statute to public meetings in a manner restricting freedom of speech. With little elucidation and no citation to other legal authority, Mr. McGann concludes that *Berill* limits the application of West Virginia Code § 61-6-19 to the disruption of open public meetings, and not the circumstances of his incarceration. We are loath to infer that the absence of application requires that we austerely constrain a statute that, on its face, declares its domain over "any" governmental process. Mr. McGann's thin argument does not persuade us.

Mr. McGann's final assignment of error addresses the circuit court's grant of the State's motion, made during jury voir dire, to strike a juror who acknowledged a bias against police officers. "The decision to grant a motion to strike a juror for cause is within the sound discretion of the trial court." *Wheeler v. Murphy*, 192 W. Va. 325, 331, 452 S.E.2d 416, 422 (1994) (citations omitted). Moreover, "[t]he trial court has broad discretion in determining whether to strike jurors for cause, and we will reverse only where actual prejudice is demonstrated." *State v. Miller*, 197 W. Va. 588, 605, 476 S.E.2d 535, 552 (1996) (footnote and citation omitted); *accord, State v. Swims,* 212 W. Va. 263, 268, 569 S.E.2d 784, 789 (2002). In this case, where correctional officers were expected to offer key testimony, we do not find that the circuit court abused its discretion in ridding its panel of admitted distrust of law enforcement officials.

For the foregoing reasons, we affirm.

---

[1] Mr. McGann's first and second assignments of error concern the count of the indictment charging him with malicious assault on a government representative, in violation of West Virginia Code § 61-2-10b. The circuit court declared a mistrial on this charge, and entered an order on December 30, 2020, dismissing Count I with prejudice. We, therefore, find that petitioner's assignments of error are moot and not properly before us.

Affirmed.

**ISSUED:** September 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton